FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUAN H.,

    Plaintiff,

v.

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

No. 1:22-CV-3043-JAG

ORDER GRANTING
PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT
AND REMANDING FOR A
FINDING OF DISABILITY

ECF Nos. 12, 13

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 12, 13. Attorney James Tree represents Juan H. (Plaintiff); Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2) as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 16. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment and **REMANDS** the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

## I.   JURISDICTION

Plaintiff filed applications for benefits on October 6, 2011, alleging disability since June 1, 2008.[1]  Tr. 180-87.  The applications were denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Timothy Mangrum held a hearing on December 4, 2013, and issued an unfavorable decision on May 7, 2014.  Tr. 20-29.  This Court subsequently remanded the matter.  Tr. 925-33.  ALJ Mangrum held a hearing on October 15, 2018, and issued an unfavorable decision on January 30, 2019.  Tr. 681-92.  On appeal, this Court again remanded the matter based on the stipulation of the parties.  Tr. 1651-59.  ALJ C. Howard Prinsloo held a third hearing on December 16, 2021, and issued an unfavorable decision on January 19, 2022.  Tr. 1586-97.  Plaintiff appealed this final decision of the Commissioner on March 26, 2022.  ECF No. 1.

## II.   STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v.*

---

[1] Plaintiff subsequently amended his alleged onset date to February 6, 2011.  *See* Tr. 20.

*Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## IV. ADMINISTRATIVE FINDINGS

On January 19, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 6, 2011, the alleged onset date. Tr. 1588.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease; bilateral knee degenerative joint disease; sleep apnea; and carpal tunnel symptom. Tr. 1589.

At **step three**, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 1590.

The ALJ assessed Plaintiff's ***Residual Functional Capacity (RFC)*** and determined Plaintiff could perform light work subject to the following limitations: he can occasionally stoop, kneel, crouch, and climb ramps/stairs; can never climb ladders, ropes, or scaffolds; can frequently reach, handle, and finger bilateral; and should avoid exposure to extreme heat, vibrations, and hazards. Tr. 1591.

At **step four**, the ALJ found Plaintiff is unable to perform past relevant work. Tr. 1595.

At **step five**, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the jobs of routing clerk, marker, and housekeeping cleaner. Tr. 1596.

The ALJ thus concluded Plaintiff was not disabled from May 4, 2017. Tr. 1597.

## V. ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; (B) whether the ALJ properly evaluated Plaintiff's subjective complaints; (C) whether the ALJ reversibly erred at step two by finding Plaintiff's mental impairments were non-severe. ECF No. 12 at 2. Plaintiff further argues the asserted errors in this case warrant remand for an immediate award of benefits. *Id*.

## VI.   DISCUSSION

### A.   Medical Opinions.

Because Plaintiff filed his applications before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Under this standard, an ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). "Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original).

Plaintiff argues the ALJ misevaluated three sets of medical opinions. ECF No. 12 at 11-17. The Court discusses the ALJ's treatment of each in turn.

#### 1.   *David Morgan, Ph.D.*

Dr. Morgan examined Plaintiff on June 18, 2021, conducted a clinical interview, and assessed Plaintiff's mental impairments would, among other things, markedly impair his ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, adapt to changes in a routine work setting, and complete a normal

work day and work week without interruptions from psychologically based symptoms. Tr. 2641-43.

The ALJ erroneously did not weigh this opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence."). The Commissioner maintains any such error was harmless, averring the "ALJ's reasons for discounting Dr. Morgan's 2020 opinion apply equally well to his 2021 opinion." ECF No. 13 at 8. The Court disagrees, for two reasons. First, the Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases…")). Even so, the Commissioner's post hoc argument overlooks that Dr. Morgan assessed no marked limitations in 2020 and three sets of marked limitations in 2021, suggesting an opined worsening of Plaintiff's mental impairments. *Compare* Tr. 2649 *with* Tr. 2643. Second, Dr. Morgan assessed marked limitations regarding Plaintiff's functioning that are inconsistent with the RFC. The Court therefore cannot conclude the ALJ committed harmless error in failing to weigh Dr. Morgan's 2021 opinion. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

The ALJ accordingly erred by failing to weigh Dr. Morgan's 2021 opinion.

### 2. *N.K. Marks, Ph.D and Aaron Burdge, Ph.D.*

Dr. Marks first examined Plaintiff on September 15, 2017, and opined, as relevant here, Plaintiff was markedly limited in asking simple questions or requesting assistance, communicating and performing effectively in a work setting,

completing a normal work day and work week without interruptions from psychologically based symptoms, and setting realistic goals and planning independently.  Tr. 1299.  Dr. Burdge reviewed and endorsed these assessed marked limitations.  Tr. 1305.

The ALJ gave these opinions "little weight."  Tr. 1595.  The ALJ first discounted the opinions as inconsistent with Dr. Marks' "own evaluation noting low average perceptual reasoning and working memory, average verbal comprehension and processing speed, and a low full-scale IQ[.]"  Tr. 1595.  Substantial evidence does not support this finding, as it is entirely unclear *how* these test results are inconsistent with the doctors' assessed limitations, particularly with respect to completing a normal work day and work week without interruptions from psychologically based symptoms.  *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating his conclusions, an ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The ALJ also discounted these opinions as inconsistent with unspecified "good results with mental health treatment and generally unremarkable mental status exams[.]"  Tr. 1595.  In support, the ALJ notes only "*see generally* 29F-30F," two exhibits that total 360 pages.  This was error.  An ALJ's rejection of a clinician's opinion on the ground that it is contrary to unspecified evidence in the record is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed."  *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).  It is not the job of the reviewing court to comb the administrative record to find specific conflicts.  *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).  Moreover, a review of the record indicates the ALJ failed to take account of, as the Ninth Circuit requires, the waxing-and-waning nature of Plaintiff's mental

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

impairments. *See, e.g.*, Tr. 2089 (February 22, 2021, treatment note indicating "22/27 on the PHQ-9 scale," *i.e.*, severe depression); Tr. 2109 (April 21, 2021, treatment note indicating "8/27 on the PHQ-9 scale," *i.e.*, mild depression); Tr. 2162 (July 7, 2021, treatment note indicating "PHQ=20," *i.e.*, severe depression, and "GAD=19," *i.e.*, severe anxiety); *see Garrison*, 759 F.3d at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working. Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). The ALJ accordingly erred by discounting the opinions on this ground.

Dr. Marks again assessed Plaintiff on September 12, 2018,[2] and assessed twelve sets of marked limitations. Tr. 2449. The ALJ discounted this opinion on the same two grounds used to discount the 2017 opinion. Tr. 1595. For the reasons stated above, the ALJ necessarily erred. Tr. 1595. The ALJ also discounted the opinion as inconsistent with Plaintiff's "ability to cook, clean, and shop for himself, as well as use a computer[.]" Tr. 1595. Plaintiff's minimal

---

[2] The ALJ erroneously noted this opinion was rendered in 2020. Tr. 1595.

activities are neither inconsistent with nor a valid reason to discount the doctor's opinion. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Similarly, Plaintiff's minimal activities do not "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603); *see Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."). The ALJ accordingly erred by discounting the 2018 opinion.

The ALJ accordingly erred by discounting the doctors' opinions.

3.   ***Flint Orr, M.D.***

Dr. Orr, Plaintiff's treating physician, offered seven medical opinions concerning Plaintiff's physical impairments from 2011 to 2017. In April 2011, July 2012, and May 2013, Dr. Orr opined Plaintiff's physical impairments would impair his functioning for six months. Tr. 498, 453-54, 482-84. The ALJ discounted these opinions on the ground they "fail[ed] to satisfy the agency's durational requirement" of at least twelve months. Tr. 1594. On this record, however, the durational bar is not a valid reason to reject Dr. Orr's opinions. The

durational bar intends to preclude short-term impairments. The rationale behind the durational bar would be applicable if, in fact, the severity of Plaintiff's impairments was limited to only six months. Here, however, the record shows Plaintiff's physical impairments far exceeded six months. The ALJ's discounting of Dr. Orr's opinions based upon the durational bar is therefore not supported by substantial evidence. *See, e.g.*, *Dukes v. Astrue*, 2012 WL 4792924, at *6 (W.D. Wash. Sept. 12, 2012), *report and recommendation adopted*, 2012 WL 4792970 (W.D. Wash. Oct. 9, 2012) (ALJ erred in rejecting opinion of doctor who estimated limitation would last 6 months where record showed plaintiff's limitations exceeded 6 months).

As for Dr. Orr's opinions where the doctor assessed Plaintiff's physical impairments would equal or exceed twelve months in duration, the ALJ discounted them as "internally contradictory," specifically noting a September 2014 opinion limited Plaintiff to sedentary work and a September 2017 opinion limited Plaintiff to light work. Tr. 1594. This finding is unsupported. Dr. Orr's two opinions offer his assessment as to Plaintiff's functioning at the specific time each opinion was rendered. The ALJ's cursory finding fails to articulate how, if at all, the opinions were inconsistent with the medical evidence and reconcile the differences between the opinions in light of the record. *Garrison*, 759 F.3d at 1012-13 ("An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'") (quoting *Reddick*, 157 F.3d at 725). The ALJ's finding is further undermined by the fact the opinions were issued three years apart. Indeed, a review of the record indicates Plaintiff's physical impairments were not static during this period. The ALJ accordingly erred by discounting Dr. Orr's opinions on this ground.

The ALJ accordingly erred by discounting Dr. Orr's opinions.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

B.    **Plaintiff's Testimony.**

Plaintiff contends the ALJ erred by discounting Plaintiff's testimony. ECF No. 12 at 17-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 1592-93. However, because the ALJ misevaluated the medical opinion evidence and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ next discounted Plaintiff's testimony as inconsistent with his activities. Tr. 1592-93. However, as discussed above, the minimal activities the ALJ cites do not sufficiently undermine Plaintiff's claims. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

Finally, the ALJ discounted Plaintiff testimony on the ground Plaintiff's "status of employment can reasonably be attributed in part to legal history, which is not a disability." Tr. 1594. In making this finding, the ALJ noted Plaintiff "has at least two felonies on his record, including one for residential burglary[.]" Tr. 1594. The ALJ erroneously discounted Plaintiff's testimony on this ground for two reasons. First, while an ALJ may use "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

appears less than candid," *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996), the record is devoid of any indication that Plaintiff committed crimes involving dishonesty or otherwise failed to be candid about his criminal history, *see Hardisty v. Astrue*, 592 F.3d 1072, 1079-80 (9th Cir. 2010) (ALJ's discounting of plaintiff's testimony was substantially justified because all of the inferences upon which it rested, including inferences regarding prior convictions, had substance in the record). Second, the ALJ's finding directly contravened the Appeals Council's remand order, which stated: "[T]he decision also mentions that the claimant's prior felony convictions affect his ability to secure employment and that this is not connected to disability. This finding does not bear on the evidentiary support for the claimant's subjective complaints, as per agency policy, nor is it clear how it was considered in the decision." Tr. 1663. Notwithstanding this unambiguous mandate, the ALJ made a verbatim finding concerning Plaintiff's criminal history. *Compare* Tr. 1593 *with* Tr. 1630. The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

## VII.   SCOPE OF REMAND

This case must be remanded because the ALJ harmfully evaluated both the medical evidence and Plaintiff's testimony.[3] Plaintiff contends the Court should remand for an immediate award of benefits. ECF No. 12 at 21.

---

[3] Further, because the ALJ failed to appropriately weigh medical opinions and Plaintiff's testimony relating to Plaintiff's mental impairments, and in turn failed to appropriately consider limitations stemming from these impairments in fashioning the RFC, the Court concludes the ALJ harmfully erred at step two by finding Plaintiff's mental impairments non-severe.

Before remanding a case for an award of benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison*, 759 F.3d at 1020). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).

The Court finds that the three requirements have been met. As discussed above, the ALJ erroneously discounted four sets of medical opinions and Plaintiff's testimony. The Court finds that further proceedings would serve no useful purpose and that if the erroneously discounted evidence were credited, Plaintiff would be found disabled. The Court also has no serious doubts as to whether Plaintiff is disabled, and finds that the significant delay, multiple remands from this Court since Plaintiff applied for disability in 2011, and contravention of the Appeals Council's remand order also weigh in favor of a finding of disability.

Under these extraordinary circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

## VIII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

ORDER GRANTING PLAINTIFF'S MOTION . . . - 13

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

2.  Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 27, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE